UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINA DILLARD, | ) |
| Plaintiff, | ) |
| vs. | ) 1:04-cv-1444-JDT-WTL |
| MARION COUNTY ELECTION BOARD, and its members in their Official Capacity, | ) |
| Defendant, | ) |
| and, | ) |
| COMMON COUNCIL of the CITY OF LAWRENCE, and its members in their Official Capacity, | ) |
| Defendant. | ) |

**Entry on Motion to Dismiss, Strike and/or Deny (Doc. No. 77), Motion to Dismiss (Doc. No. 72), Motion for Summary Judgment (Doc. No. 69), and Motion for Excess Costs (Doc. No. 73)**[1]

Defendant Common Council of the City of Lawrence (the "Council") filed a motion for excess costs and attorneys' fees pursuant to 28 U.S.C. § 1927. The gist of the motion is that Plaintiff Regina Dillard waited to move to voluntarily dismiss her claims based on her loss of standing until after the Council had prepared and filed a Motion for Summary Judgment, which relied in part on expert statistical analysis of voting patterns in the relevant jurisdictions, at significant public expense. The Council contends that by

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

failing to promptly dismiss the lawsuit upon Plaintiff's actual or anticipated change of residence, Plaintiff's counsel caused the Council to incur excess costs, expenses, and attorneys' fees. The Council seeks a hearing on its motion so the court can hear evidence regarding when Plaintiff decided to change her residence and so the Council can offer evidence as to its excess costs, expenses, and fees incurred since the date Plaintiff's attorney knew or should have known that Plaintiff's residence was going to change or had already changed.

Plaintiff moved to dismiss, strike, and/or deny the Council's motion for excess costs (hereinafter the "motion to strike"). The motion to strike seems to blame the alleged excess costs, expenses, and fees on the Council's attorney. The motion to strike also misunderstands the applicable law. For example, it argues that § 1927 requires more than one proceeding, but indicates that the Council complains of only one proceeding. The motion also criticizes the Council for complaining that it was not offered information (Plaintiff's change of residence and resulting lack of standing) that it never requested.

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The district court may impose § 1927 sanctions "when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice, pursued a claim that is without a plausible legal or factual basis and lacking in justification, or pursued a path that a reasonably careful attorney

2

would have known, after appropriate inquiry, to be unsound[.]" *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quotations and citations omitted). Subjective bad faith is not always required for § 1927 sanctions. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006). Section 1927 imposes "'a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *Jolly*, 435 F.3d at 720 (quoting *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990)). An unreasonable failure to dismiss such claims may result in § 1927 sanctions. *See Jolly*, 435 F.3d at 720 (stating the court may impose § 1927 sanctions when counsel has acted in an objectively unreasonable manner); *Burda v. M. Ecker Co.*, 2 F.3d 769, 777-78 (7th Cir. 1993) (award of sanctions under § 1927 justified against attorneys who, instead of voluntarily dismissing a frivolous claim, opposed a motion to dismiss and ignored controlling legal authority that established frivolity of suit); *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246-47 (5th Cir. 1998) (affirming award of sanctions under § 1927 where attorney kept meritless case alive for no purpose other than to force a nuisance-value settlement). The Council argues that Plaintiff's counsel, Stephen Laudig and W. Russell Sipes, had a duty to dismiss Plaintiff's claims if they believed that Plaintiff lacked standing to pursue them further.

Defendant Council filed its motion for summary judgment on May 4, 2007. Plaintiff's response was due on June 4, 2007. None was filed. So, on June 13, 2007, the Council filed notice of Plaintiff's failure to timely respond. The Council also requested the court to enter judgment on its motion, dismiss all counts of the First Amended Complaint with prejudice, and grant all other just and appropriate relief.

One day later, June 14, Ms. Dillard filed Plaintiff's Motion to Dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure, asserting that she no longer resides in the City of Lawrence and thus lacks standing. Ms. Dillard sought dismissal with prejudice and without costs. The Council responded, indicating it has no objection to dismissal with prejudice, but subject to the Council's right to seek an award of excess costs, expenses, and attorneys' fees pursuant to § 1927. The motion to dismiss accordingly will be granted.

The motion to dismiss states that "Counsel was informed of the change of residence approximately 8 weeks ago and in response attempted to settle the litigation." Eight weeks before the motion to dismiss was filed was April 19, 2007, which was approximately two weeks before the Council filed its motion for summary judgment on May 4, 2007. The Council's Motion for Excess Costs states that Plaintiff's counsel contacted its attorney by electronic mail on or about March 5, 2007, and thereafter submitted a settlement proposal, but did not at that time inform the Council or its counsel that Plaintiff had changed her residence. According to the Council, had its attorney been informed on or about March 5, 2007, that Plaintiff no longer resided in Lawrence and lacked standing, then the Council would not have incurred substantial legal fees, costs, and expert witness fees between March 5, 2007 and the May 4 filing of its summary judgment motion.

Therefore, the following issues, on which the Council bears the burden of proof, are raised by the Motion for Excess Costs:

4

   (1) Which of Plaintiff's claims, if any, are no longer viable? (Presumably all of them based on the Rule 41 motion.)

   (2) When did Plaintiff's claims lose their viability?

   (3) When did Plaintiff's counsel know or should have known that the claims were no longer viable?

   (4) Was counsel's failure to seek dismissal of Plaintiff's claims prior to June 14, 2007, unreasonable and vexatious?

   (5) Did counsel fail to seek dismissal at an earlier date for no other purpose than to extract a settlement from the Council?

   (6) Whether counsel's conduct rises to a level of sanctionable conduct under § 1927?

   (7) If so, whether any excess costs, expenses, or fees were caused by counsel's conduct?

   And, (8), if so, what is the appropriate amount of costs, expenses, and/or fees to be awarded?

As these questions suggest, the court has not yet determined whether § 1927 sanctions are warranted here. The Council faces a heavy burden in establishing that such sanctions should be awarded. The Council's motion seems to overlook the potential that other voters residing within the City of Lawrence could have been substituted for Ms. Dillard before or after she moved. Thus, the mere fact that Plaintiff moved out of the City and that her attorneys may not have notified attorneys for the Council that she had would not necessarily lead to the conclusion that her attorneys acted unreasonably or vexatiously. Indeed, it seems that little time passed between Plaintiff's move and the filing of her motion to dismiss. The short passage of time alone may support a conclusion that Plaintiff's counsel did not act unreasonably or vexatiously.

Plaintiff asks for leave to conduct discovery on the Council's motion. Some discovery would be appropriate. The Council's motion does not specifically identify or quantify the alleged excess costs, expenses, or fees. Thus, at the very least, Plaintiff would be entitled to discover these matters. The court does not intend to foreclose the possibility that even broader discovery should be allowed. This matter is **REFERRED** to the Magistrate Judge for a conference to determine the appropriate discovery to be allowed.

Counsel are advised that the matters raised by the sanctions motion could place the attorneys in the awkward position of being witnesses in this collateral matter. Counsel should seriously consider whether the anticipated gains hoped for with the sanctions motion outweigh the expected costs and justify continued pursuit of this matter now that the suit itself will be dismissed.

Therefore, Plaintiff's Motion to Dismiss, Strike and/or Deny (Doc. No. 77) is **DENIED** in that the court declines to strike the Council's Motion for Excess Costs, and the Plaintiff's Motion to Dismiss (Doc. No. 72) **is GRANTED** and this cause will be dismissed with prejudice. An order of dismissal will be entered separately.

Defendant Council's Motion for Summary Judgment (Doc. No. 69) is **DENIED AS MOOT**. Ruling on the Defendant Council's Motion for Excess Costs (Doc. No. 73) is

deferred for now to allow for the conference with the Magistrate Judge and time for discovery of the matters raised by that motion.

ALL OF WHICH IS ENTERED this 18th day of January 2008.

_____
John Daniel Tinder, Judge
Sitting by Designation

Copies to:

Magistrate Judge William T. Lawrence

Paul Thomas Belch
pbelch@stpaultravelers.com

William Bock III
wb@kgrlaw.com

Brett P. Dvorak
bdvorak@indygov.org

Andrew Rudolph Falk
arf@kgrlaw.com

Stephen Laudig
stevelaudig@aol.com

David Frederick Rees
reesdf@aol.com

W. Russell Sipes
wrsipes@lgrslaw.com